## LAGEMAN *v.* KLOPPENBURG.

Where a person, having a lease upon certain premises, and a mortgage upon fixtures therein, as security for advances made by him to the defendant, hired the same to the latter, who agreed to pay the rent and taxes; *held,* that the defendant having failed to pay the taxes, the plaintiff could pay the same, and compel repayment thereof by action against the defendant.

Such payment is not a voluntary payment, which cannot be recovered.

A party whose property is subject to distress for taxes, or who is personally liable therefor, may discharge the tax, in default of a person who ought to pay it, and recover the same from the latter.

THIS was an appeal by the defendant from a judgment entered against him in one of the district courts. The facts are given in the opinion.

Lageman *v.* Kloppenburg.

By the Court. Ingraham, First J.—The plaintiff sued the defendant, in the court below, for taxes paid by him on premises in Vesey-street. These premises were held by the plaintiff under a lease which was assigned to him as security for moneys advanced to the defendant, for which moneys he also held a mortgage on the fixtures of the place. The only evidence of agreement between the parties is this: "Defendant agreed with the plaintiff to pay the rent of the premises and the taxes, the same as specified in the lease." There could be no doubt, if the rent and taxes were payable to the plaintiff, that he could pay the taxes, and recover the same from the defendant as part of the rent. In this case the tax was for the year 1851, and the plaintiff waited until December, 1852, when he paid it. He would have been entitled to call for the payment at any time after the tax was payable. The testimony as to the agreement with the plaintiff is slight, and may be open to either construction, viz., that the tax was to be paid to the corporation, or to the plaintiff as the defendant's landlord.

But even if the construction should be, that the tax was to be paid to the corporation of the city, still the plaintiff was justified in paying the amount, and claiming it from the defendant, under the agreement. He, as assignee of the lease, was personally bound to pay the taxes, and the property mortgaged to him was subject to a distress warrant for them. After waiting a reasonable time, to allow the defendant to pay him, on finding they were not paid, he had a right to pay the same, and compel the defendant to refund the amount. He was neither bound to wait until he was sued, and thereby incur the expense of costs, or risk the sale of the fixtures under a distress warrant, and thereby impair his security. We have repeatedly held, that an under tenant who was exposed to distress, or to be ejected from the premises for rent due to the ground landlord, might, in default of payment by an intermediate landlord, pay the same and deduct the amount from his rent. In no view is this to be considered a voluntary payment, made in his own wrong,

but a compulsory payment, to protect himself from an action or his property from distress; and although the defendant might not be liable, personally, to the public authorities, he is so liable under his express agreement to pay. That agreement was with the plaintiff, and not the public, and, in either point of view, the judgment was proper.

Judgment affirmed.